IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nolan Grant, | ) Civil Action No.:2:12-02859-CMC-BHH |
|                Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Michael McCall, *Warden*, | ) |
|                Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 17; see also Dkt. No. 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about September 19, 2012. (Dkt. No. 1.) On February 11, 2013, Respondent moved for summary judgment. (Dkt. No. 17; see also Dkt. No. 18.) By order filed February 12, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about May 22, 2013. (See Dkt. No. 26.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution. In January of 2006, Petitioner was indicted by the April County Grand Jury for two counts of ill-treatment of animals, one count of grand larceny, and one count of burglary in the second degree. (R. at 663-70.) The Petitioner was represented by Jerry M. Screen, Esquire. (See R. at 1.) A jury trial was held on July 19, 2006, before the Honorable Thomas A. Russo. The jury

convicted Petitioner as charged, at the conclusion of the trial, Judge Russo sentenced Petitioner to a period of confinement for five years on the grand larceny charge. (R. at 455, 458.) Judge Russo ordered Petitioner to undergo an evaluation at the Department of Mental Health prior to sentencing Petitioner on the remaining convictions. (R. at 458-60.) After the evaluation was completed, Judge Russo sentenced Petitioner on the remaining convictions on September 20, 2006. (R. at 468-87.) Judge Russo sentenced Petitioner to five years on one conviction of ill treatment towards animals, five years on the second conviction of ill treatment towards animals, and fifteen years on the burglary conviction, with all sentences running consecutively. (R. at 484-85.)

Petitioner appealed and was represented by Robert Pachak, Esquire, of the South Carolina Commission on Indigent Defense. In an Anders[1] brief filed on January 16, 2008, Petitioner raised the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to the burglary and related charges when the State failed to present any substantial evidence beyond a reasonable doubt other than appellant being in possession of stolen property and receiving stolen goods?

(Dkt. No. 18-6 at 4 of 11.) Mr. Pachak also filed a petition to be relieved as counsel. (Id. at 9 of 11.)

In an unpublished opinion filed on January 13, 2009, the South Carolina Court of Appeals dismissed the appeal. (Dkt. No. 18-7.) The remittitur was issued on January 29, 2009. (Dkt. No. 18-8.)

On or about July 13, 2007, while Petitioner's direct appeal was pending, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 488-94.) The following questions and answers appeared on that application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

>  (a) My attorney did not represent me with the skills required.
>
>  (b) My attorney did not appeal my conviction and sentence.
>
>  (c) My attorney failed to notify me of the evidence against me.
>
>  (d) Misrepresentation of counsel failure to request a change of venue due to pre-trial publicity.
>
>  11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>  (a) My attorney, Jerry Screen's, representation was below the level required of a criminal defense attorney. He did not appeal my conviction and sentence despite me asking to do so.
>
>  (b) My attorney said he was going to file a direct appeal and did not do so. He also did not provide me with a copy of the evidence against me.
>
>  (c) My attorney did not request a change of venue despite unfair pre-trial publicity.
>
>  (d) Misrepresentation of counsel failure to request a change of venue due to pre-trial publicity. Also, my lawyer did question the legality of a search warrant against me.

(R. at 480-90.)

On January 26, 2010, an evidentiary hearing was held before the Honorable W. Jeffrey Young. (R. at 501-649.) Petitioner, after having dismissed several PCR attorneys, appeared and proceeded *pro se* at the hearing on his application for post-conviction relief. (See R. at 508-09, 519.) At the hearing, Petitioner amended his application to include the following allegations: ineffective assistance of counsel "for lack of investigation, lack of challenging the ch[ain] of evidence, lack of challenging Ms. Elizabeth Wictum's testimony, for not filing pretrial motions to not have her eligible to take the stand, for her lack of production of documents . . . " (R. at 519-20.) In an order dated March 17, 2010, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 651-62.)

3

On December 14, 2010, Joseph L. Savitz, III, Esquire, of the South Carolina Commission on Indigent Defense filed a <u>Johnson</u> Petition for Writ of Certiorari. (Dkt. No. 18-10.) Therein Petitioner raised the following issue: "The trial judge committed reversible error by failing to instruct the jury on the law of alibi." (Dkt. No. 18-10 at 3 of 8.)

On February 7, 2011, Tommy A. Thomas, Esquire, filed a Motion for Substitution of Counsel and Substitution of Petition for Writ of Certiorari. (Dkt. No. 18-11.) In an order dated March 2, 2011, the Supreme Court of South Carolina granted both motions. (Dkt. No. 18-13.) On May 2, 2011, Petitioner, through Attorney Thomas, filed a Substitute Petition for Writ of Certiorari. (Dkt. No. 18-14.) Therein Petitioner raised the following issues:

> 1. Did the PCR court err in denying post-conviction relief to the Petitioner when trial counsel's failure to investigate the DNA issue rendered his cross-examination of the State's DNA expert witness inadequate and ineffective?
>
> 2. Did the PCR court err in denying post-conviction relief to the Petitioner when trial counsel's failure to challenge the chain of custody of certain evidence constituted ineffective assistance of counsel?

(Dkt. No. 18-14 at 3 of 16.)

On April 18, 2012, the Supreme Court of South Carolina issued an order denying the petition for writ of certiorari. (Dkt. No. 18-16.) The matter was remitted to the lower court on May 21, 2012. (Dkt. No. 18-17.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel.
> **Supporting Facts**: Trial counsel failed to investigate all facts and circumstances surrounding my case. He failed to obtain an independent DNA expert to challenge the State's DNA expert.
>
> **Ground Two**: The PCR court erred in denying post-conviction relief to the Petitioner when trial counsel's failure to challenge the chain of custody of certain evidence constituted ineffective assistance of counsel.
> **Supporting Facts**: The PCR court erred in failing to find that trial counsel was ineffective for failing to challenge the chain of custody.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

5

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 17; Dkt. No. 18.) The undersigned will address Petitioner's two grounds for relief in turn.

**A. Ground One: Ineffective Assistance of Counsel for Failure to Investigate and Failure to Obtain Independent DNA Expert**

As noted above, Petitioner claims in Ground One that his trial counsel was ineffective for failing "to investigate all facts and circumstances surrounding [Petitioner's] case" and for "fail[ing] to obtain an independent DNA expert to challenge the State's DNA expert." (See Dkt. No. 1.)

Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

6

that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The undersigned recommends granting summary judgment to Respondent on Ground One. The PCR court addressed this claim as follows:

> Applicant asserts that Counsel failed to adequately investigate his case. Applicant specifically alleges that Counsel should have retained a private DNA expert and should [have] had hairs from his grandmother's dog analyzed. Counsel testified that Wictum had an extensive curriculum vitae and was qualified in a unique area of expertise. Counsel testified that he believed she was qualified to provide expert testimony. Counsel noted that he brought out on cross-examination that the hairs could have come from a similar dog to buttress Applicant's theory that the hairs could have come from the family's former pet Pekingese. Counsel stated that he approached his challenge to Wictum through cross-examination, attempting to paint Wictum as a "paid fat cat" who had been brought in to testify as the State wanted her to. Applicant further asserts that Counsel erred in failing to submit Wictum's lab report to the jury. Counsel testified that he did not wish to submit the report into evidence as Wictum had "done enough damage" in her testimony.
> I find that Counsel's failure to retain such an expert was not unreasonable under the professional norms. Moreover, Applicant has failed to demonstrate that the services of such an expert could have affected the outcome of the trial. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result); Dempsey v. State, 363 S.C. 365, 610

7

> S.E.2d 812 (2005) (any prejudice suffered by failure to call expert witness merely speculative where expert witness does not testify at PCR hearing).

(R. at 658-59.)

Because Petitioner's claim of ineffective assistance of counsel is easier understood in the context of his trial, the undersigned will briefly summarize the factual scenario that gave rise to Petitioner's charges. At Petitioner's trial, Christine Matthews testified that on November 9, 2005, she returned to her home and got out of her car when she "smelled something, like someone possibly grilling out or barbequing." (R. at 92.) When she stepped into her kitchen, there was a haze of smoke and an overwhelming smell. (R. at 93.) Thinking her house was on fire, she stepped outside and called for help; she noticed a back window had been broken out and their back door was open. (R. at 93.) She wondered where the dogs were and why they were not barking. (R. at 93.) Her home had been ransacked, and various items had been taken from the house. (R. at 94, 99.) She testified that she did not see one of the two dogs, Sophie, again, but that on the evening of November 9, after everyone had left, the other dog, Dexter, came out of the back bedroom. (R. at 102-05.) Dexter had severe burns on the top of his head, back, and belly, and his eyes had a film on them because they had been burned as well. (R. at 102-03.) Robert Besley, who was employed with the Aiken Department of Public Safety, testified that the smoke was coming from the oven; he testified that the oven was on and that something was burning inside the oven. (R. at 116-21.) Besley testified that the remains of a small dog were in that oven. (R. at 123-25.)

As noted above, Petitioner contends trial counsel was ineffective for failing to obtain an independent DNA expert. At Petitioner's trial, Elizabeth Wictum was qualified as an expert in veterinary genetics. (R. at 215-17.) Wictim testified that she tested a small blood spot on a pair of shorts, and that pursuant to her first test, a species ID test, the blood came

8

back as human. (R. at 217-19.) She also tested two animal hairs that were found on a pair of socks; she determined those two hairs were dog hairs. (R. at 219.) Wictum testified that she performed DNA analysis on the hairs and concluded they corresponded with halotype number two. (R. at 219-20.) She tested the sample from Dexter and concluded that Dexter was a different halotype. (R. at 221.) A sample from Sophie's brush came back with halotype number two; Wictim testified that the hairs on the socks matched the hairs in Sophie's brush and Sophie's kennel. (R. at 225.) Wictum testified that halotype two is very common and is seen in approximately one in five animals. (R. at 225.)

Once Wictum concluded that Dexter did not match the two hairs, she testified that she "went back to the spot of blood" on the shorts and looked for "the hypervariable region rather than the Cytochrome b," and those results matched for Dexter. (R. at 223.) She testified that blood matched halotype number twelve, which was seen in about one in 75 dogs, and only in breeds of Asian origin. (R. at 223-24.)

Petitioner's counsel cross-examined Wictum, highlighting that the prosecution paid for her flight from California to Columbia, paid for all the testing, and paid for her hotel room. (R. at 226-27.) Trial counsel got Wictim to admit on cross-examination that she could not tell the age of the hairs and that she had no way of calculating error. (R. at 228-29.)

The PCR court's rejection of this ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law. Nor was it an unreasonable determination of the facts. Counsel testified at the PCR hearing that he "didn't feel it was necessary" to hire a DNA expert and that he "tried to portray her as a paid fat-cat witness that was brought over here on State expense." (R. at 527, 539.) Even if one were to assume that counsel's failure to hire an independent DNA expert was deficient, Petitioner failed to establish the prejudice prong of Strickland at the PCR hearing, as no DNA expert testified at the PCR hearing. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir.

1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify."); see also Dempsey v. Burtt, No. 4:05-2464-HMH-TER, 2006 WL 1579134, at *12 (D.S.C. June 2, 2006) (petitioner failed to show prejudice where petitioner did not have an expert testify at the PCR hearing).[2] The PCR court's determination of Ground One does not meet the standard set forth in § 2254. The undersigned therefore recommends granting summary judgment to Respondent on Ground One.

**B. Ground Two: Ineffective Assistance of Counsel for Failure to Challenge the Chain of Custody**

In Ground Two, Petitioner contends his trial counsel was ineffective for failing to challenge the chain of custody. (See Dkt. No. 1.) The PCR court addressed this claim as follows:

> Applicant further asserts that Counsel's failure to challenge the chain of custody constitutes ineffective assistance of counsel. Counsel recalled that several items were taken from Applicant's home pursuant to a search warrant. Counsel further recalled that he had spoken with police officers involved in the case in order to determine if there were chain of custody issues. Counsel recalled that he reviewed the issue at the time of trial. Based on his review, he determined that there was no viable challenge and felt that requiring each chain witness to be present would unnecessarily prolong the trial. Therefore, Counsel stipulated to the chain of custody.

---

[2]In his Response in Opposition, Petitioner contends that "[p]rior to and during trial Petitioner informed defense counsel that he wanted an independent DNA expert to challenge the State's DNA expert." (Dkt. No. 26 at 6 of 10.) This assertion is markedly different from Petitioner's testimony at his PCR hearing, wherein he testified that his counsel did not tell him that Wictum was going to testify about DNA evidence before they got to trial. (R. at 614, 624.) However, Petitioner's assertion does not change the above analysis that Petitioner's claim fails because he failed to establish prejudice.

10

> There is no evidence to contradict counsel's assessment of the chain of custody. Counsel's testimony that he spoke with officers and reviewed these documents is uncontradicted. Therefore, I find that Applicant has failed to set forth any evidence to rebut the presumption that Counsel acted reasonably in this regard. I further find no evidence of prejudice as Applicant has failed to demonstrate that had counsel required production of each witness in the chain of custody the outcome of the trial would have been different.

(R. at 659-60.)

The undersigned recommends granting summary judgment to Respondent on Ground Two. Petitioner contends that "[t]rial counsel was ineffective for failing to challenge the chain of custody of the evidence that Wictum was allowed to present during trial." (Dkt. No. 26 at 9 of 10.) Respondent, however, correctly contends that Petitioner "failed to explain how the outcome of his trial would have been different had defense counsel challenged the chain of custody." (Dkt. No. 18 at 20 of 21.) As the PCR judge noted, counsel's testimony regarding his assessment of the chain of custody was uncontradicted. (See R. at 660.) Where–as here–there is no evidence that the chain of custody was in fact assailable, Petitioner is not entitled to habeas relief because he has not shown the prejudice prong of Strickland. See Knowles v. Bazzle, No. 2:06-cv-1424-GRA-RSC, 2007 WL 1594412, at *8 (D.S.C. June 1, 2007) ("The record supports Judge Miller's determination that Petitioner failed to demonstrate a problem with the chain of custody, which in turn supports his determination that there was no error by counsel and no prejudice to Petitioner. The state court decision cannot be said to be contrary to clearly established federal law nor that it involved an unreasonable application of clearly established federal law."); Hill v. Reed, No. 2:06 0812 MBS, 2006 WL 3354509, at *7 (D.S.C. Nov. 17, 2006) (concluding petitioner was not entitled to relief under § 2254 where trial counsel stipulated to the chain of custody and stating, "The petitioner did not present any evidence at the PCR hearing that there was any defect in the chain of custody . . . . *See, e.g., Pryor v. Norris*, 103 F.3d 710, 713-14 (8th Cir.

11

1997) (defendant failed to establish prejudice from counsel's failure to object to chain of custody because she failed to show objection would have been sustained or that prosecution would not have established complete chain of custody if objection had been made)."); see also Cowans v. Bagley, 639 F.3d 241, 252 (6th Cir. 2011) (rejecting petitioner's claim that trial counsel should have challenged whether the evidence remained in the police's chain of custody because, *inter alia*, the claim "falters on the prejudice prong of Strickland" where the petitioner "has not provided any evidence . . . that raises a question about whether the palm print in fact ever left the State's custody"). Respondent is therefore entitled to summary judgment on this claim. Petitioner has not shown that the PCR court's determination of Ground Two was contrary to, or an unreasonable application of, clearly established federal law, or that the PCR court's determination was an unreasonable application of the facts. Petitioner is therefore not entitled to habeas relief on Ground Two.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 17) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

July 16, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).